**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 2 1 2015

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

RUTH GROSS

Plaintiff,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC
A Virginia Corporation

Defendant.

Civil Action No. 15- 6076

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

Plaintiff, Ruth Gross (Gross), by her undersigned counsel brings this action against

Portfolio Recovery Associates, LLC (Portfolio), and states:

## STATEMENT OF JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §1391, 15 U.S.C.

§1692k(d) and 28 U.S.C. §1367 for pendant State law claims.

2.     This action arises out of Portfolio's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq. and claims for violations of the Arkansas Deceptive

Trade Practices Act, Ark. Code Ann. §4-88-107, et seq.

3.     The acts and events complained of in this Complaint occurred within Hot Springs,

Garland County, Arkansas.

1

4.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred in the Western District of Arkansas, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5.     The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6.     Gross is a resident of Hot Springs, Garland County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d.

7.     At the time of the incident described further herein, Portfolio was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and is attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8.     Portfolio is being served via its registered agent:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR  72201

## FACTUAL BACKGROUND

9.     The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10.     Portfolio filed a Complaint against Gross in the District Court of Garland County, Arkansas on July 21, 2014 alleging a consumer debt.

11.     The Complaint and attached affidavit alleged Gross defaulted on a credit card account obligation with the original creditor, GE Capital Retail Bank/Peach Direct.  A copy of that Complaint is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

12. Portfolio asserted it purchased and was assigned the account.

13. The Complaint requests an alleged principal amount of $954.51 and costs.

14. The Complaint attaches an Affidavit of Yvette M. Stephen, Custodian of Records of Portfolio (hereinafter "Affidavit"). That Affidavit alleges that Ms. Stephen is "authorized to make the statements, representations and averments herein and based upon a review of the business records of the Original Creditor, GE Capital Retail Bank/Peach Direct and those records transferred to Account Assignee from General Electric Capital Corp, which have become a part and integrated into Account Assignee's business records, in the ordinary course of business." *See* *¶2 of Affidavit of Yvette M. Stephen.*

15. The Affidavit avers that "[a]ccording to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Sell on 3/26/2013. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever." *See ¶3 of Affidavit of Yvette M. Stephen.*

16. The Affidavit avers that "[a]ccording to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from Ruth Gross…to the Account Seller the sum of $954.51 with respect to account number ending in [redacted] as of the date of 2/10/2013 with there being no known un-credited payments, counterclaims or offsets against the debt as of the date of sale." *See ¶4 of Affidavit of Yvette M. Stephen.*

17.     The Complaint does not contain any documentation or contractual authorization from the Original Creditor establishing it was authorized to assign, transfer or sell Gross' alleged account to Portfolio.

18.     The Complaint does not contain any documentation from the Original Creditor identifying the alleged account number of Gross.

19.     The Complaint does not contain any documentation from the Original Creditor evidencing the Original Creditor's alleged contractual relationship with Gross.

20.     The Complaint does not contain any documentation from the Original Creditor containing an executed account agreement between the Original Creditor and Gross.

21.     The Complaint does not contain any documentation from the Original Creditor evidencing any documents from the Original Creditor to Gross containing any information, account statement, or an itemization of the principal, interest, or costs charged to the alleged account.

22.     The Complaint does not contain any documentation of an alleged date of default by Gross. Pursuant to Ark. Code Ann. §16-56-111, all actions based upon an instrument in writing shall be brought within five years from the date the cause of action accrued. Accordingly, the Complaint contains no proof of when Portfolio's alleged cause of action accrued. Therefore, any claims Portfolio alleged are outside the applicable statute of limitations.

23.     The Complaint of July 21, 2014 was Gross' first notice of Portfolio's alleged ownership of the alleged debt to GE Capital Retail Bank/Peach Direct despite the Affidavit of Yvette M. Stephen's which alleges that GE Capital Retail Bank/Peach Direct sold, assigned and transferred its interest to Portfolio on 3/26/2013. *See ¶3 of Affidavit of Yvette M. Stephen.* Portfolio failed to send Gross validation notice within five days of March 26, 2013 and/or by

4

March 31, 2013 or within five days of filing the Complaint of July 21, 2014 and/or by July 26, 2014.

24. As a result of the acts alleged above, Gross suffered anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, and loss of sleep.

25. Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692k *et seq*.

26. Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692(a)(2)(A).

27. Portfolio's conduct violates the ADTPA for which damages are to be proven at trial apply pursuant to Ark Code Ann. §4-88-113.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. The averments set forth in paragraphs 1-27 are adopted herein and incorporated as if set forth word for word.

29. Portfolio is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

    a. Portfolio's Complaint does not contain any documentation or contractual authorization from the Original Creditor that it was authorized to assign, transfer or sell Gross' alleged account to Portfolio; therefore, Portfolio is in violation of:

        1. 15 U.S.C. §1692e(2)(A) as Portfolio may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. In particular, the false representation of the character, amount, or legal status of any debt.

        2. 15 U.S.C. §1692e(5) as Portfolio has evidenced no standing to sue

5

Gross and is taking action it cannot legally take.

b.    Portfolio's Complaint does not contain any documentation from the Original Creditor identifying the alleged account number of Gross; therefore, Portfolio is in violation of 15 U.S.C. §1692e(5) as Portfolio has evidenced no standing to sue Gross and is taking action it cannot legally take.

c.    Portfolio's Complaint does not contain any documentation from the Original Creditor evidencing the Original Creditor's alleged contractual relationship with Gross; therefore, Portfolio is in violation of 15 U.S.C. §1692e(5) as Portfolio has evidenced no standing to sue Gross and is taking action it cannot legally take.

d.    The Complaint does not contain any documentation from the Original Creditor containing an executed account agreement between the Original Creditor and Gross; therefore, Portfolio is in violation of 15 U.S.C. §1692e(5) as Portfolio has evidenced no standing to sue Gross and is taking action it cannot legally take.

e.    The Complaint does not contain any documentation from the Original Creditor evidencing any statements from the Original Creditor to Gross containing any information, account statement, or an itemization of the principal, interest, or costs charged to the alleged account; therefore, Portfolio is in violation of:

1.    15 U.S.C. §1692e(5) as Portfolio has evidenced no standing to sue Gross and is taking action it cannot legally take;

2.    15 U.S.C. §1692e(2)(A) as Portfolio may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. The false representation of the character, amount, or legal status of any debt.

f.      The Complaint does not contain any documentation of an alleged date of default by

Gross. Accordingly, the Complaint contains no proof of when Portfolio's alleged cause of action

accrued. Any claims Portfolio alleged are outside the applicable statute of limitations; therefore,

Portfolio is in violation of:

      1.      15 U.S.C. §1692e(5) as Portfolio has evidenced no standing to sue Gross

           and is taking action it cannot legally take;

      2.      15 U.S.C. §1692e(5) as Portfolio has evidenced cause of action viable within

           the applicable statute of limitations, therefore Portfolio is taking action it

           cannot legally take.

g.      The Complaint of July 21, 2014 was Gross' first notice of Portfolio's ownership of

the alleged debt to GE Capital Retail Bank/Peach Direct despite the Affidavit of Yvette M.

Stephen's which alleges that GE Capital Retail Bank/Peach Direct sold, assigned and transferred

its interest to Portfolio on 3/26/2013. *See ¶3 of Affidavit of Yvette M. Stephen.* Therefore, any

claims Portfolio alleged are thus outside the applicable statute of limitations; and, Portfolio is in

violation of:

      1.      15 U.S.C. §1692e(5) as Portfolio has evidenced no standing to sue Gross and

           is taking action it cannot legally take.

      2.      15 U.S.C. §1692e(5) as any claims Portfolio alleged are outside the

           applicable statute of limitations, therefore Portfolio is taking action it cannot

           legally take.

h.      As a result of the acts alleged above, Gross suffered anxiety, indignation,

irritability, nervousness, fear, worry, loss of happiness, and loss of sleep as a direct and proximate

7

result of Portfolio's conduct as enumerated above.

## VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

30.     The averments set forth in paragraphs 1-29 are adopted herein and incorporated as if set forth word for word.

31.     Portfolio's conduct as enumerated above, is in violation of Ark. Code Ann. §4-88-107(10), as it concerns a consumer transaction and involves other, unconscionable, false, or deceptive act or practice in business, commerce, or trade.

32.     Portfolio's conduct as enumerated above was a proximate cause of Gross' damages.

## DAMAGES

33.     The averments set forth in paragraphs 1-32 are adopted herein and incorporated as if set forth word for word.

34.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Jackson is entitled to the following damages:

  a.  actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

  b.  statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A);

  c.  actual damages pursuant to 15 U.S.C. §1692k(a)(1) for mental anguish, stress and humiliation;

  d.  actual damages and reasonable attorney's fees based on violations of the Arkansas Deceptive Trade Practices Act, § 4-88-113(f).

## DEMAND FOR JURY TRIAL

35.     The averments set forth in paragraphs 1-34 are adopted herein and incorporated as if set forth word for word.

36.     Gross demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Gross prays that:

1.      She be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2.      She be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3.      She be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

4.      She be granted actual damages and a reasonable attorney's fee based on violations of the Arkansas Deceptive Trade Practices Act, § 4-88-113(f).


Respectfully submitted,


By: _____

Todd Wooten, Esq.   ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

*Attorney for Plaintiff*

DISTRICT COURT
GARLAND COUNTY

2014 JUL 21 PM 1: 22

**IN THE DISTRICT COURT OF GARLAND COUNTY, ARKANSAS**
**HOT SPRINGS DIVISION**

BY:_____ ____ ___, CLERK

**PORTFOLIO RECOVERY ASSOCIATES, LLC**                                **PLAINTIFF**

**V.**                                CASE NO. _CV 14- 917_

**RUTH GROSS**                                **DEFENDANT**

## COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a foreign limited liability company authorized to bring this action under Ark. Code Ann. § 4-32-1008.

2. That the Defendant is a resident of Garland County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her GE CAPITAL RETAIL BANK account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principal amount, $954.51, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $ 954.51, for all costs herein paid and expended, and for all other proper relief.

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

Lori Withrow (98069)

EXHIBIT
_1_

S&A File No. 13-10610-0
CCM

**AFFIDAVIT**

State of Virginia
City of Norfolk ss.

I, the undersigned, _____*Yvette M. Stephen*_____, Custodian of Records, for Portfolio Recovery Associates, LLC
hereby depose, affirm and state as follows:

1.      I am competent to testify to the matters contained herein.

2.      I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing
business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the
statements, representations and averments herein, and do so based upon a review of the business records of the Original
Creditor **GE CAPITAL RETAIL BANK/PEACH DIRECT** and those records transferred to Account Assignee from
**GENERAL ELECTRIC CAPITAL CORP** ("Account Seller"), which have become a part of and have integrated into
Account Assignee's business records, in the ordinary course of business.

3.      According to the business records, which are maintained in the ordinary course of business, the account, and all
proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account
having been sold, assigned and transferred by the Account Seller on **3/26/2013**. Further, the Account Assignee has been
assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement,
satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest
in said account or the proceeds thereof, for any purpose whatsoever.

4.      According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary
course of business by the Account Assignee, there was due and payable from **RUTH GROSS** ("Debtor and Co-Debtor")
to the Account Seller the sum of **$ 954.51** with the respect to account number **ending in** ____ as of the date of **2/10/2013**
with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5.      According to the account records of said Account Assignee, after all known payments, counterclaims, and/or
setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$ 954.51** as due and owing as of the
date of this affidavit.

6.      Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is
not on active military service of the United States.

Portfolio Recovery Associates, LLC

*Yvette M. Stephen*    _____

By: _____*Yvette M. Stephen*_____, Custodian of Records

Subscribed and sworn to before me on _____APR 1 0 2014_____

_____
Notary Public

TAVANA C. UZZLE
NOTARY PUBLIC
REGISTRATION # 302460
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
JANUARY 31, 2017



This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

13-10610-0